# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT
### Case No. 25-12241

MORIAH AHARON, ET AL.

     Appellees,

v.

PETROCHINA INTERNATIONAL
(AMERICA), INC.,

     Appellant.

## UNOPPOSED
## APPELLEES' MOTION FOR
## <u>EXTENSION OF TIME TO FILE APPELLEES' BRIEF</u>

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Cir. R. 26.1-1(a)(2), counsel for Appellees certify that the following is a complete list of the trial judges, all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the appeal.  Appellees further certify that there  are no publicly traded corporations known to have any interest in this matter.

1. Aharon, Moriah — Plaintiff in district court proceedings;

2. Kuppinger, Jordan G — Plaintiff in district court proceedings;

3. Deteso, Damon J. — Plaintiff in district court proceedings;

4. Caruso, Rosanna- Plaintiff in district court proceedings;

5. Payton, Christopher — Plaintiff in district court proceedings;

6. Angioletti, Lee- Plaintiff in district court proceedings;

7. Manning, Mariangella — Plaintiff in district court proceedings;

8. Vasquez, Lynnora — Plaintiff in district court proceedings;

9. Madden, Rebecca — Plaintiff in district court proceedings;

10. The People's Republic of China — Defendant in district court proceedings;

11. The Chinese Communist Party — Defendant in district court proceedings;

12. Altman, Roy K. — United States District Judge, United States District Court, Southern District of Florida;

13. Reinhart, Bruce R.-Magistrate Judge, United States District Court, Southern District of Florida;

14. Moore, Matthew T.- Counsel for Plaintiffs;[1]

15. The Law Offices of Berman & Berman, P.A. d/b/a Berman Law Group — Counsel for Plaintiffs/Appellees;

16. Patel, Pravin R.- Counsel for Defendant-Appellant PetroChina International (America), Inc.;

17. Guernsey Jr., Daniel P. — Counsel for Defendant—Appellant PetroChina International (America), Inc.;[2]

18. Katzen, Alli G. — Counsel for Defendant—Appellant PetroChina International (America), Inc.;

19. Masterson, Marina — Counsel for Defendant—Appellant PetroChina International (America), Inc.;

20. Weil, Gotshal & Manges LLP- Counsel for Defendant/Appellant PetroChina International (America), Inc.;

21. PetroChina International Co., Ltd. — Appellant's parent corporation;

22. PetroChina International (Canada) Trading, Ltd. — Appellant's subsidiary corporation; and

23. PetroChina International (Brazil) Trading, Ltda.- Appellant's subsidiary corporation.

---

[1] Counsel for Appellant listed a former co-counsel for Plaintiffs/Appellees, Vincent J. Duffy on their Certificate of Interested Persons.  Mr. Duffy left Plaintiffs' law firm and no longer has any interest in this case.

[2] This Court granted the Motion to Withdraw for Attorney Dnaiel P. Guernsey Jr. on January 5, 2026.

**UNOPPOSED**
**APPELLEES' MOTION FOR**
**<u>EXTENSION OF TIME TO FILE APPELLEES' BRIEF</u>**

Pursuant to 11th Cir. R.31.2 (d) and R. 26-1, counsel for Appellees hereby respectfully moves for a thirty (30) day extension of time, up through and including February 13, 2026, to file their responsive brief. An "over the phone" extension was previously given by the Clerk, with a due date of January 14, 2026, in response to Appellees' first extension request. [DE 16].

Appellant, Petrochina International (America), Inc. ("PCIA") has filed a substantial and approximately 50-page initial brief in this matter. Indeed, this matter raises complex and novel issues of sovereign immunity under the Foreign Sovereign Immunities Act ("FSIA") as related to China's alleged mishandling of the COVID-19 pandemic outbreak and the subsequent allegations of hoarding of personal protective equipment ("PPE") by China and PCIA. This matter has been in litigation since 2020 and has gone through an extensive, as well as labor and time intensive briefing process below which culminated with Judge Roy K. Altman adopting the Report and Recommendation of the Magistrate as to decisions on the extent and scope of sovereign immunity, which ultimately lead to PCIA's appeal.

Although Appellees are diligently working on their responsive brief, there are complex and novel issues at stake, and other matters arose subsequent to the Clerk granting the prior extension.

4

Unexpectedly, at the time the initial extension was requested, the court in *Murtha v U.S. Foods Holding Corp. et al*., Case No. CACE-23-004583 (Broward Cty. Cir. Ct.), special set the ten day trial for December 2, 2025.  Undersigned provides pre-trial and litigation support to the firm's litigation team and it is a complex catastrophic injury matter with abundant contested pre-trial motion practice.  Although the trial was unexpectedly postponed during jury selection (due to an unforeseen judicial officer conflict), the team had been fully enmeshed in trial preparation and motion practice, causing numerous firm and end of year deadlines to be postponed into later December.

Moreover, undersigned had pre-booked plans to go to Massachusetts for an extended Christmas holiday in light of a recent serious medical diagnosis for an immediate family member, and undersigned's plan to work over the holidays was complicated by the health issues and unexpected travel delays.  Undersigned did not return to the office until January 2, 2026.

Undersigned also has concurrent drafting deadlines: a brief due on January13, 2026, in *Progressive American Insurance Co. v. Heimler*, Case No. 4D2025-1854 (Fla. 4th DCA), which is an interlocutory appeal on a novel question of prejudice in underinsured motorist benefits; and a Reply Brief due January 15, 2026, in *Hernandez, et al. v United States of America*, Case No. 25-11336 (11th Cir.), which raises a novel question of the means of actual and constructive notice in a Federal

Tort Claims Act dispute.

Finally, as the complex litigation and appellate counsel for his firm, undersigned received several emergent tasks for in-depth research and briefing in ongoing litigation matters upon his return to the office on January 2nd, with deadlines that are also concurrent to the above.

Counsel for Appellees have conferred with counsel for PCIA and Appellant does not oppose this request for an extension of time.

WHEREFORE, Appellees respectfully request that the Court grant this request and extend the deadline for the Appellees' Brief until February 13. 2026

Dated:  January 7, 2026   Respectfully Submitted,

*/s Matthew T. Moore*
Matthew T Moore, Esq.
Berman Law Group
5801 Congress Avenue
Boca Raton, FL  33487
(561) 826-5200
mmoore@thebermanlawgroup.com
*Counsel for Appellees*

## <u>CERTIFICATE OF COMPLIANCE</u>

This document complies with the with the word limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 555 words.  This document also complies with the requirements of Fed. R. App. P. 32(a)(5) and (6), because it has been prepared using Microsoft Word and a proportionally styled typeface, Times New Roman, 14 point.

January 7, 2026

*/s Matthew T. Moore*
Matthew T. Moore, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2026, that I caused the foregoing to be filed in the Court's CM/ECF system which shall send an electronic notice to all parties of record in this matter.

*/s Matthew T. Moore*
Matthew T. Moore, Esq.